# PERRY and others *v.* CORBY and another.[1]

(*Circuit Court, E. D. Missouri.* October 1, 1884.)

GENERAL ASSIGNMENT BY INSOLVENT DEBTOR—REV. ST. MISSOURI, § 354, CONSTRUED.

> A conveyance which is not in terms a voluntary assignment for the benefit of creditors, but is in fact a conveyance of the entire property of an insolvent debtor to one creditor, is, whatever its form may be, within the purview of section 354 of the Revised Statutes of Missouri, and will inure to the benefit of all creditors.

In Equity. Motion to set aside order overruling demurrer to bill.

For a statement of facts, and the opinion upon the demurrer, see 21 FED. REP. 15.

*Mills & Flitcraft,* for complainants.

*John D. Johnson* and *Smith P. Galt,* for defendants.

BREWER, J., (*orally.*) In the case of Perry against Corby, in which the demurrer to the bill was overruled by me, after argument last spring, a motion was made to set aside that order, and the question involved was heard before the entire bench. That question is whether a conveyance which is not in terms and according to the old technical definition a "voluntary assignment for the benefit of creditors," and yet which is in fact a conveyance of the entire property of the insolvent to one creditor, is within the purview of that statute of Missouri which provides that every voluntary assignment for the benefit of creditors shall inure to the benefit of all creditors. My own views were expressed in the opinion that I filed; and yet in the decision I followed the ruling which had been laid down by my predecessor in office. The case was argued before Mr. Justice MILLER and the entire bench, and I am authorized by Mr. Justice MILLER to say that he agrees with Judge McCRARY, and holds that such a transfer, although there is technically no assignee, so long as it is made of the entire property of the insolvent, and is not a mere giving of security by way of mortgage, contemplating payment by the mortgagor in the future, and the retention of possession by him, comes within the scope of the statute, and is to be treated as an assignment, and inures to the benefit of all the creditors.

As to the other questions, he agrees with the views I expressed. Therefore the motion to set aside the order overruling the demurrer will be denied.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.